The document below is hereby signed.

Signed: February 13, 2020



*S. Martin Teel Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ZENOBIA DENELLE WILSON, | ) | Case No. 19-00504 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| ZENOBIA DENELLE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 19-10027 |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE MOTION TO DISMISS

The debtor, Zenobia Denelle Wilson, has filed an

*Amended Complaint* (Dkt. No. 2) against the defendant, Wells Fargo

Bank, N.A., seeking to avoid alleged transfers to Wells Fargo as

preferences under 11 U.S.C. § 547, to recover the alleged

preferential transfers under 11 U.S.C. § 550, and upon entry of

such a judgment, to disallow any claim of Wells Fargo under 11

U.S.C. § 502(d) unless Wells Fargo disgorges the allegedly

preferential transfers.  The *Amended Complaint* also appears to

seek to revisit issues pertinent to Wells Fargo's foreclosure sale action against her in the Superior Court of the District of Columbia, Case No. 2017 CA 006164 R(RP), regarding her real property at 2651 Myrtle Avenue, N.E., Washington, D.C. (the "Property").  The defendant, Wells Fargo, has filed a *Motion to Dismiss Adversary Proceeding* (Dkt. No. 5).  For the reasons that follow, the motion must be granted and the *Amended Complaint* must be dismissed.

I

LACK OF STANDING

Wilson commenced this adversary proceeding on September 3, 2019, as a debtor in a case that she filed under chapter 13 of the Bankruptcy Code (11 U.S.C.) on July 25, 2019.  She converted that case to one under chapter 7 of the Bankruptcy Code on October 18, 2019.

The *Amended Complaint* points to the powers of a trustee under 11 U.S.C. § 547 to avoid a preferential transfer and under 11 U.S.C. § 550 to recover such a transfer.  However, with an exception in 11 U.S.C. § 522(h), a debtor in a case under chapter 7 or 13 holds no authority to invoke § 547.  *See In re Johnson*, No. 19-ap-10015, 2019 WL 4877577 (Bankr. D.D.C. Sept. 20, 2019), at *4 (citing *Dawson v. Thomas (In re Dawson)*, 411 B.R. 1, 24-25 (Bankr. D.D.C. 2008)); *Hansen v. Green Tree Servicing, LLC (In re Hansen)*, 332 B.R. 8, 13 (B.A.P. 10th Cir. 2005).

2

Wilson has not pled facts establishing that the exception in
§ 522(h) applies.  Wilson has not identified how her § 547
preference claim entails a transfer of property that she could
have exempted under 11 U.S.C. § 522 had the transfer not been
made.  Section 522(h)(1) requires that such a transfer be
avoidable by the trustee.  As I discuss in Part II, Wilson
alleges no transfer eligible to be avoided by the trustee.
Therefore, Wilson has not pled facts showing that she had a basis
in the chapter 13 case to invoke the power of a trustee under
§ 547.  The same holds true in the chapter 7 case.[1]  *See In re
Yelverton*, No. 09-ap-10048, 2012 WL 1229752, at *1, *4 (Bankr.
D.D.C. Apr. 12, 2012) (first quoting *In re Chase*, 37 B.R. 345,
347 (Bankr. D. Vt. 1983), and then quoting and extending *In re
Dawson*, 411 B.R. at 24).

In addition, to the extent that Wilson seeks to challenge
rulings in Wells Fargo's foreclosure action in the Superior Court
of the District of Columbia, the chapter 7 trustee is the

---

[1]  The chapter 7 trustee is the representative of the estate
in a chapter 7 case, and is empowered to avoid any preferential
transfer in order to recover the transfer for the benefit of the
estate.  Avoidance powers in chapter 5 support the trustee in
maximizing and equitably distributing assets among creditors
under the Bankruptcy Code; they are not among the Code provisions
typically intended to support debtors.  *See In re Yelverton*, No.
09-ap-10048, 2012 WL 1229752, at *1 (Bankr. D.D.C. Apr. 12, 2012)
(citing *Hansen*, 332 B.R. at 13).  The trustee's time under 11
U.S.C. § 546(a) to pursue avoidance of any preference and to make
a recovery for the benefit of the estate has not expired.  The
trustee has not yet seen fit to pursue any preference claim.

representative of the bankruptcy estate and is the entity with
standing to protect the estate's interests in that foreclosure
action.  *See Evans v. First Mount Vernon, ILA*, 786 F. Supp. 2d
347, 353-54 (D.D.C. 2011); *In re Bailey*, 306 B.R. 391, 392-93
(Bankr. D.D.C. 2004).  While Wilson held such standing during the
pendency of her bankruptcy case under chapter 13 of the
Bankruptcy Code, *see Evans*, 786 F. Supp. 2d at 353-54, she lost
standing to maintain the interests of the estate, such as with
respect to the validity of the foreclosure action, when the case
was converted from one under chapter 13 of the Bankruptcy Code to
one under chapter 7.  *See Bailey*, 306 B.R. at 392-93.  The
chapter 7 trustee has intervened in the foreclosure action to
assert the estate's interest in surplus proceeds resulting from
the foreclosure sale,[2] and is the proper representative of the
estate to assert that claim.

## II

### FAILURE TO PLEAD FACTS ESTABLISHING A PREFERENCE

Even if Wilson could establish standing to seek to avoid a
preference, Wilson has failed to plead facts establishing a
preference.  To state a claim upon which relief may be granted, a
complaint must allege non-conclusory facts, not just "a formulaic

---

[2] The court does not address whether Wilson would have
standing to exempt any recovered surplus under 11 U.S.C.
§ 522(g).  *See, e.g.*, 4 *Collier on Bankruptcy* ¶ 522.09[1], at
522-62 (Rel. 150-6/2019) (Richard Levin & Henry J. Summer eds.,
16th ed. 2019).

recitation of the elements of a cause of action," showing that a

claim exists. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555

(2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

> Although a pro se complaint "must be held to less
> stringent standards than formal pleadings drafted by
> lawyers," *Erickson*, 551 U.S. at 94, 127 S. Ct. 2197
> (internal quotation marks and citation omitted), it still
> "must plead 'factual matter' that permits the court to
> infer 'more than the mere possibility of [defendant's]
> misconduct,' " *Atherton v. District of Columbia Office of
> the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting
> Iqbal, 556 U.S. at 678-79, 129 S. Ct. 1937); *see, e.g.,
> Budik v. Dartmouth-Hitchcock Med. Ctr.*, 937 F. Supp. 2d
> 5, 11 (D.D.C. 2013) ("However, even though a pro se
> complaint must be construed liberally, the complaint must
> still 'present a claim on which the Court can grant
> relief.' "), *aff'd*, No. 13-5121, 2013 WL 6222951 (D.C.
> Cir. Nov. 19, 2013).

*Owens v. Bank of America*, 2018 WL 4387572, at *4 (D.D.C. Sept. 14,

2018).

Whether an avoidable preference exists is controlled by 11

U.S.C. § 547(b), which provides that:

> Except as provided in subsection (c), the trustee may
> avoid any transfer of an interest of the debtor in
> property—
>> (1) to or for the benefit of the creditor;
>> (2) for or on account of an antecedent debt owed by
> the debtor before such transfer was made;
>> (3) made while the debtor was insolvent;
>> (4) made—
>>
>>> (A) on or within 90 days before the date
>>> of the filing of the petition; or
>>>
>>> (B) between 90 days and one year before
>>> the date of the filing of the petition, if
>>> such creditor at the time of such transfer was
>>> an insider; and
>>>
>>> (5) that enables the creditor to receive more

than such creditor would receive if—

    (A) the case were a case under chapter 7 of this title;

    (B) the transfer had not been made; and

    (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

To state a claim upon which relief can be granted regarding a payment constituting an alleged preference, Wilson was required to identify a transfer of an interest she had in property that was made to or for the benefit of a creditor; that was made while she was insolvent and for or on account of an identified antecedent debt; that occurred, in the case of a non-insider creditor, within 90 days of the petition date;[3] and that enabled the creditor to receive more than it would receive in a chapter 7 case had the transfer not occurred. *See OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 340 B.R. 510, 521-22 (Bankr. D. Del. 2006).

For the most part, Wilson's *Amended Complaint* consists of a variety of vague and ambiguous allegations, most of them asserting nonsensical theories. The allegations are almost entirely unrelated to Plaintiff's preference claim. Wilson's sole factual allegation that relates to her preference claim is in paragraph 9 of the *Amended Complaint*, where she states that

---

[3] Wilson has not alleged that Wells Fargo was an insider or alleged facts showing that Wells Fargo was an insider.

6

she ". . . made one or more payments to the Defendant in the
amount of $[349,536.50] pro rata accounting in the manner and
amounts set forth in Exhibit 3 attached hereto."  Exhibit 3
(which is found on page 278 of Dkt. No. 2) contains no
information other than a statement that "[t]he amount of payments
made to date based on pro rata accounting is $349,536.50."
Wilson has thus failed to state a claim upon which relief can be
granted regarding an alleged preference.

To elaborate, Wilson has not pled any facts establishing
that Wells Fargo was an insider and, accordingly, no preference
would exist as to any transfer that occurred more than 90 days
before Wilson filed the voluntary petition commencing the
bankruptcy case.  Wilson has not identified any transfer
occurring within 90 days preceding the date of the filing of the
petition commencing the underlying bankruptcy case on July 25,
2019.  Indeed, Wilson has not identified any transfer that
occurred, but it can be inferred that any transfer she has in
mind involves the foreclosure sale of the Property.

The current *Amended Complaint* attaches a docket sheet from
the foreclosure action brought by Wells Fargo in the Superior

Court of the District of Columbia.[4]  A filing in that action made
on April 4, 2019, reveals that: a foreclosure sale auction of the
Property was held on October 17, 2018, nine months before Wilson
filed her bankruptcy petition; Daria Karimian was the successful
bidder; and a contract of sale was executed on that date.  The
Superior Court ratified the sale to Daria Karimian on May 16,
2019.  The Superior Court filings reveal that Karimian eventually
performed on the sale contract by paying the purchase price after
Wilson commenced her bankruptcy case.[5]

Karimian's completion of the contract of purchase was not
barred by the intervention of Wilson's bankruptcy case.  Wilson
no longer had an equitable interest in the Property once the
foreclosure sale was held.  Under the doctrine of equitable
conversion, Karimian obtained equitable title to the Property
pursuant to the enforceable contract of purchase arising from the
foreclosure sale of October 17, 2018 (unless the sale were not

---

[4]  In considering Wells Fargo's *Motion to Dismiss Adversary
Proceeding* under Fed. R. Civ. P. 12(b)(6), made applicable by
Fed. R. Bankr. P. 7012, the court may take judicial notice of
filings in related proceedings in the Superior Court of the
District of Columbia.  *See Maddox v. Wells Fargo Bank, N.A.*, 374
F. Supp. 3d 146, 147-48 n.1 (D.D.C. 2019)(citing *Covad Commc'ns
Co. v. Bell Atl. Corp.*, 1407 F.3d 1220, 1222 (D.C. Cir. 2005);
*Atchison v. U.S. District Courts*, 190 F. Supp. 3d 78, 84, 93
(D.D.C. 2016).

[5]  On September 6, 2019, Daria Karimian, who purchased the
Property at the foreclosure sale, filed a motion for relief from
the automatic stay of 11 U.S.C. § 362(a) to proceed with a
pending Superior Court action for possession of the Property.
(Main Case Dkt. No. 51.)

ratified by the Superior Court).  *See Ward v. Wells Fargo Bank,*

*N.A.*, 89 A.3d 115, 122 (D.C. 2014).  The Superior Court ratified

the foreclosure sale on May 16, 2019.  Consequently, when Wilson

filed her bankruptcy petition, her interest in the Property was

limited to bare legal title,[6] an interest subject to divestment

by the completion of the foreclosure sale contract and the

purchaser's recording a deed reflecting the completed purchase.

*See Foskey v. Plus Properties, LLC*, 437 B.R. 1, 10-11 (D.D.C.

2010).  On the petition date, Wilson's bare legal title remained

subject to divestment, and the postpetition completion of the

contract of sale was not an act against property of the estate.

*Id.* at 11-12 (postpetition transfer to tax sale purchaser upon

paying purchase price was not a transfer of estate property

because it did not change the character of the debtor's bare

legal title, namely a right that was subject to divestment upon

payment of the purchase price).[7]

The chapter 7 trustee has filed a civil action in the

Superior Court to recover the surplus proceeds of the sale, and

---

[6] This decision need not address whether Wilson retains an interest in any surplus from the foreclosure sale, as such an interest would not have been transferred.

[7] Wilson has not alleged that the transfer of equitable title pursuant to the execution of the foreclosure sale contract on October 17, 2018, nine months before the filing of the bankruptcy petition, was a transfer avoidable as a preference. Under 11 U.S.C. § 547(b)(4), only a transfer to an insider is avoidable as a preference if it occurred between 90 days and one year prior to the filing of the petition.

upon recovery of those surplus proceeds will file in the
bankruptcy case a proposed distribution of the surplus proceeds.
The trustee has not contended that the transfer of legal title to
Karimian was improper or that Wells Fargo was not entitled to
receive payment of the purchase price and to apply those proceeds
to satisfy its lien on the Property, subject to the Superior
Court's approving Wells Fargo's accounting of the proceeds of the
sale.[8]  On January 7, 2020, Wells Fargo filed a *Motion to Ratify
Accounting* in the Superior Court.

It makes sense that the Superior Court should proceed to
conclude that final step of the foreclosure sale action.  But
notwithstanding the application of *Foskey* to find that Karimian's
postpetition settlement on the Property was not an act against
the property of the estate, the Superior Court's ratification of
accounting to permit the distribution of sale proceeds might be
interpreted to constitute continuation of a prepetition judicial
action against Wilson or of one to recover a claim against
Wilson—thus an act subject to the automatic stay under 11 U.S.C.
§ 362(a)(1).  Similarly, the ratification of accounting could
arguably be interpreted to constitute an act to obtain property
from the estate or to enforce a lien against property of the

---

[8]  Super. Ct. R. Civ. P. 308 provides for that court to
oversee the foreclosure process, to include its ratification of
foreclosure sales as well as its ratification of the accounting
for distributions of sale proceeds.

estate—thus an act subject to the automatic stay under 11 U.S.C. § 362(a)(3) and (4) to the extent that the sale proceeds, albeit encumbered, are considered property of the estate.  I am issuing an order in the main bankruptcy case to show cause why the court ought not annul and lift the stay to permit the foreclosure action in the Superior Court to proceed to conclusion.

 Karimian's payment of the purchase price to Wells Fargo under the foreclosure sale contract occurred postpetition.  It did not occur within the 90 days *before* the filing of the bankruptcy case.  Thus, even if this payment could be considered a transfer of an interest of Wilson in the Property, it could not be avoided as a preference by reason of the wholly prepetition scope of preferences in 11 U.S.C. § 547(b)(4).

Even if the foreclosure sale and Karimian's payment of the purchase price had occurred within the 90-day preference period, or a transfer could be deemed to have occurred when the Superior Court ratified the foreclosure sale, Wilson has failed to allege facts showing that 11 U.S.C. § 547(b)(5) would apply.  That is, Wilson has not alleged facts showing that the sale, ratification, or payment put Wells Fargo in a preferred position to other creditors by enabling Wells Fargo to receive more than it would in the chapter 7 case had the sale not been held and consummated.

Wells Fargo's accounting in the Superior Court reveals that the sale proceeds sufficed to satisfy Wells Fargo's claim and to

leave surplus funds.  Wells Fargo's complaint in the Superior

Court includes a copy of its deed of trust with a filing stamp of

the Washington, D.C. Recorder of Deeds showing that the deed of

trust was filed with the Recorder of Deeds on March 28, 2007.  If

the lien had *not* been perfected by recording, and the payment had

occurred within 90 days before the petition date, the transfer

might be avoidable as a preference as in *Boberschmidt v. Society

Nat'l Bank (In re Jones)*, 226 F.3d 917, 921 (7th Cir. 2000).[9]

However, a transfer pursuant to a foreclosure sale in enforcement

of a perfected lien is not avoidable as a preference as the lien

would still be enforceable in the chapter 7 case if that earlier

transfer had not occurred.  *See In re C-L Cartage Co., Inc.*, 899

F.2d 1490, 1493 (6th Cir. 1990).  Thus, if the sale of October

17, 2018, had not been held, Wells Fargo would recover no more

from a postpetition sale of the Property by the chapter 7 trustee

than it will recover after the Superior Court ratifies the

accounting for the foreclosure sale of October 17, 2018.

III

THE 11 U.S.C. §§ 502(d) and 550 CLAIMS FAIL

Because Wilson has not pled facts establishing the existence

---

[9]  However, Wilson has not pled facts showing that even if
Wells Fargo's lien were *not* perfected, the sale has enabled Wells
Fargo to receive more than it would be entitled to receive under
the Bankruptcy Code in the chapter 7 case had the sale not
occurred.  Moreover, Wilson has not alleged facts establishing
that she was insolvent at the time of transfer, as § 547(b)(3)
requires for a preference to exist.

of an avoidable preference, the *Amended Complaint* fails as well
to state a basis for relief under §§ 502(d) and 550.  Claims
under both of these provisions depend on there being a claim for
an avoidable preference under 11 U.S.C. § 547(b), or a claim for
recovery or for an avoidable transfer under other provisions of
the Bankruptcy Code.  Wilson has alleged no such claims.

IV

ATTACKS ON THE SUPERIOR COURT'S RULINGS

Wilson appears to challenge the validity of the judgment
authorizing the foreclosure sale, but does not seek any relief in
that regard.  There is no reason to adjudicate the validity of
the foreclosure sale in order to dispose of Wilson's preference
claim.  If the Superior Court's orders were set aside as invalid
and the sale were set aside, no transfer would have occurred.
Without any transfer, there could not be a preference.

As previously noted, Wilson lacks standing to pursue any
claim of the bankruptcy estate regarding the invalidity of those
orders.  Even if Wilson could claim that she has an interest in
the Property that is adversely affected by those orders, separate
from the estate's interest, and thus have standing to protect
that interest, the Superior Court's judgment permitting the
foreclosure sale to proceed is binding on this court.  That this
judgment is binding is made even clearer by the Superior Court's
later ratification of the sale.  Likewise, there is no basis

13

under which this court ought to intrude into the review of the
validity of the accounting of sale proceeds, the ratification of
which is currently pending before the Superior Court.

Moreover, because the bankruptcy case is now one under
chapter 7 of the Bankruptcy Code, this court would have no
subject matter jurisdiction under 28 U.S.C. § 1334(b) to hear any
monetary claim belonging to Wilson, as opposed to the estate,
arising from any invalidity of the foreclosure sale. *See Ostroff
v. Am. Home Mortg. (In re Ostroff)*, 433 B.R. 442 (Bankr. D.D.C.
2010). Such claims would not arise under any identified
provision of the Bankruptcy Code. Nor are they a matter "arising
in" the bankruptcy case, meaning a matter that would have no
practical existence outside of the bankruptcy case. *See In re
Kirkland*, 600 F.3d 310, 317 (4th Cir. 2010). Finally, because
they are claims of the debtor, they are not property of the
estate such as to have an impact on the administration of the
estate.[10] Thus, this court would have no subject matter

---

[10] *See* 1 *Collier, supra* ¶ 3.01[3][e], at 3-25 (Rel. 151-
9/2019) ("[A] suit brought by a debtor on a cause of action that
was not property of the estate because it arose after bankruptcy
or because it was exempt is not related to the bankruptcy case,
since it would benefit the debtor, and not the estate.")
(footnotes omitted) (citing, *inter alia*, *In re Turner*, 724 F.2d
338 (2d Cir. 1983)). This case is no longer a chapter 13 case,
in which a debtor's recovery on a non-estate asset might impact
the feasibility of her chapter 13 plan.

14

jurisdiction over them.[11]

## V

## DISMISSAL WITHOUT LEAVE TO AMEND IS APPROPRIATE

Wilson's *Amended Complaint* is woefully deficient.  In opposing the motion to dismiss, Wilson does not suggest that she could file a further amended complaint that would cure the defects noted in the motion to dismiss.  Moreover, a review of the docket in the Superior Court demonstrates that she would not be able to cure the defects.  Accordingly, I will dismiss this adversary proceeding without leave to amend.

## VI

## CONCLUSION

For all of these reasons, a judgment follows dismissing this adversary proceeding with prejudice.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing), recipients of e-notifications of orders.

---

[11]  Even if this court had subject matter jurisdiction to decide a properly-asserted claim that the foreclosure sale was invalid, this court would abstain from hearing that claim, as it would be a matter already heard in the Superior Court, the more appropriate forum for adjudicating the issue of the validity of the foreclosure sale under District of Columbia law.  *See Maddox*, 374 F. Supp. 3d at 152-53 (declining to revisit a foreclosure judgment issued and reviewed by the District of Columbia courts).